1
2
3
4
5
6
7
8
9
10          UNITED STATES DISTRICT COURT
11        SOUTHERN DISTRICT OF CALIFORNIA
12

13   MICHELE STERRETT,                         CASE NO: 11-CV-1899 W (NLS)

14                          Plaintiff,         ORDER GRANTING IN PART
                                               AND DENYING IN PART
15        v.                                   DEFENDANT'S MOTION TO
                                               DISMISS [DOC. 10]
16   RAY MABUS, Secretary of the Navy,

17                          Defendant.
18

19        Pending before the Court is Defendant Ray Mabus' ("Navy") motion to dismiss

20   the first and second causes of action from the First Amended Complaint For

21   Employment Discrimination ("FAC").  Plaintiff Michele Sterrett opposes.

22        The Court decides the matter on the papers submitted and without oral

23   argument.  See Civ. L. R. 7.1(d.1).  For the reasons discussed below, the Court

24   **GRANTS IN PART** and **DENIES IN PART** the Navy's motion to dismiss [Doc. 10].

25   //

26   //

27   //

28

1   I.    BACKGROUND

2          The following facts are taken from the FAC.

3          From May 2002 to June 2008, Sterrett was employed by the Department of the

4   Navy as a Management Analyst, with the title of Division Head, at the Southwest

5   Regional Maintenance Center ("SWRMC").   (FAC [Doc. 9], ¶¶ 1, 3.)   Under the

6   General Schedule ("GS"), Sterrett's position was designated as a GS-12 non-supervisor.

7   (*Id.* at ¶ 3.)   However, Sterrett asserts that between 2002 and 2008 she was assigned

8   and performed supervisory responsibilities and duties.   (*Id.*)

9          Sterrett alleges that in May 2002, she updated her Position Description to reflect

10  her actual, and admitted, assigned duties and responsibilities.   (*FAC*, ¶ 4.)   At some

11  point thereafter, a Classifier opined that based on Sterrett's updated Position

12  Description, her position should be a supervisor position at the GS-13 level.   (*Id.*)

13  However, SWRMC "failed and refused to upgrade [Sterrett's'] position, and non-

14  competitively promote her."   (*Id.*, ¶ 6.)   Sterrett further alleges that during this period,

15  similarly situated male Division Heads were designated as supervisory positions at the

16  GS-13 level.   (*Id.* at ¶ 5.)

17         In 2008, SWRMC converted its civilian employment system from the GS to

18  National Security Personnel System ("NSPS").   (*FAC*, ¶ 18.)   Under the NSPS,

19  Sterrett alleges that an employee with her status as a Division Head and supervisor

20  responsibilities should be designated as a supervisor.   (*Id.*, ¶ 19.)   At least one similarly

21  situated male Division Head was designated as a supervisor when the SWRMC

22  switched to the NSPS, but Sterrett was not.   (*Id.*, ¶ 22.)   Approximately five months

23  later on June 22, 2008, Sterrett's position was upgraded to the YC supervisory status.

24  (*Id.*, ¶ 20.)

25         On October 22, 2008, Sterrett filed an employment discrimination complaint

26  ("EEO Complaint") alleging James Achenbach, the Executive Director at the SWRMC

27  and Sterrett's supervisor, discriminated against her because she is a woman.   (*FAC*,

28

¶¶ 9, 28.)  On November 25, 2008, EEO Counselors interviewed Achenbach.  (*Id.*, ¶ 28.)

On January 15, 2009, Achenbach sent an email to the Command Inspector General requesting an investigation of Sterrett and stating that Sterrett "has a formal EEO complaint against the Command." (*FAC*, ¶ 29.)  On March 5, 2009, Sterrett was placed on involuntary administrative leave.  (*Id.*, ¶ 30.)  On or about May 28, 2009, Sterrett's permanent promotion to Supervisory Management Analyst was changed to a probationary promotion; five days later, Achenbach demoted Sterrett.  (*Id.*, ¶ 31.) Sterrett appealed the demotion to the Merit Systems Protection Board.  (*Id.*, ¶ 32.) However, on August 11, 2009, Achenbach reinstated Sterrett as a Supervisory Management Analyst.  (*Id.*)

On August 22, 2011, Sterrett filed this Title VII action alleging the Navy violated 42 U.S.C. § 2000e-16(c) by (1) refusing to promote her during the May 2002 to June 2008 period; (2) refusing to designate her as a supervisor under the NSPS on March 2, 2008; and (3) causing her to be removed from the workplace in retaliation to her EEO Complaint.  In response, the Navy filed a motion to dismiss or, in the alternative, for partial summary judgment as to the first and second causes of action. The motion argued that the claims were untimely because Sterrett failed to satisfy the procedural requirement of initiating contact with an EEO Counselor within forty-five days of the alleged discriminatory conduct.  Sterrett's opposition did not deny that the claims were not filed within the forty-five day period; instead Sterrett argued that the Navy waived the untimeliness defense as to the first cause of action, and that equitable tolling applied to the second.

On April 27, 2012, this Court found that under the facts pled in the complaint, waiver and equitable tolling did not apply and,therefore, dismissed the first and second causes of action with leave to amend.  (*See Order* [Doc. 8], 9:3–6, 10:1–7.)  Thereafter, Sterrett filed the FAC.  The Navy again seeks to dismiss the first and second causes of action as untimely.

1    II.    MOTION TO DISMISS STANDARD

2          The Court must dismiss a cause of action for failure to state a claim upon which

3    relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule

4    12(b)(6) tests the legal sufficiency of the complaint.  See Parks Sch. of Bus., Inc. v.

5    Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  A complaint may be dismissed as a

6    matter of law either for lack of a cognizable legal theory or for insufficient facts under

7    a cognizable theory.  Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

8    1990).  In ruling on the motion, a court must "accept all material allegations of fact as

9    true and construe the complaint in a light most favorable to the non-moving party."

10   Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

11         Complaints must contain "a short plain statement of the claim showing the that

12   the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has

13   interpreted this rule to mean that "[f]actual allegations must be enough to rise above

14   the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007).  The

15   allegations in the complaint must "contain sufficient factual matter, accepted as true,

16   to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662,

17   678 (2009) (citing Twombly, 550 U.S. at 570).

18         Well-pled allegations in the complaint are assumed true, but a court is not

19   required to accept legal conclusions couched as facts, unwarranted deductions, or

20   unreasonable inferences.  Papasan v. Allain, 478 U.S. 265, 286, (1986); Sprewell v.

21   Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

22

23   III.   DISCUSSION

24         Title VII prohibits federal employee personnel decisions and "discrimination

25   based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a) (2006);

26   Kraus v. Presidio Trust Facilities Div./Residen. Mgmt. Branch, 572 F.3d 1039, 1044

27   (9th Cir. 2009) (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 829–30 (1976)).

28   Under Equal Employment Opportunity Commission ("EEOC") regulations, federal

1   employees alleging workplace discrimination "must consult a[n EEO] Counselor prior
2   to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. §
3   1614.105(a). Federal employees "must initiate contact with a Counselor within 45 days
4   of the date of the matter alleged to be discriminatory or, in the case of personnel action,
5   within 45 days of the effective date of the action." Id. § 1614.105(a)(1).

6        The failure to promote based on discrimination constitutes a "discrete act." Nat'l
7   R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Generally, the limitations
8   period begins to run on discrete acts of discrimination when the act occurs. Id. at 113.
9   Thus, in the case of a series of discriminatory acts, each must be independently timely
10  because each constitutes a separate cause of action. Id. at 111. An "assertion that this
11  series of discrete acts flow from . . . discriminatory practice will not succeed in
12  establishing the employer's liability for acts occurring outside the limitations period."
13  Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002)

14       Although compliance with § 1614.105(a)(1) is neither a statutory requirement
15  nor a jurisdictional prerequisite, the Ninth Circuit has "consistently held that, absent
16  waiver, estoppel, or equitable tolling, 'failure to comply with [§ 1614.105(a)(1)] is . . .
17  fatal to a federal employee's discrimination claim' in federal court." Kraus, 572 F.3d at
18  1043 (quoting Lyons, 307 F.3d at 1105). A waiver may be granted for "reasons
19  considered sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a)(2);
20  see Girard v. Rubin, 62 F.3d 1244, 1247 (9th Cir. 1995). Tolling shall apply if the
21  complainant was (1) unaware of the requirement; (2) reasonably unaware of the
22  discrimination, despite due diligence; or (3) unable to initiate contact with a Counselor
23  due to circumstances beyond the complainant's control. Id.

24

25       **A.**    *Sterrett's First Cause of Action is Untimely.*
26       The Navy argues that the first cause of action for failing and refusing to promote
27  Sterrett is untimely and should be dismissed. Unlike her opposition to the Navy's first
28  motion, Sterrett appears to have abandoned the contention that the Navy waived this

1    defense.  Instead, Sterrett now argues that because timely exhaustion is an affirmative
2    defense, she is not required to plead timeliness and, in any event, it is sufficiently pled
3    in the FAC.  The Court is not persuaded by her arguments.

4         Sterrett is correct that timely exhaustion is an affirmative defense.  See Boyd v.
5    U.S. Postal Serv., 752 F.2d 410, 414 (9th Cir. 1958).  Sterrett is also correct that a
6    plaintiff does not need to plead facts relevant to an affirmative defense.  Xechem, Inc.
7    v. Birstol-Meyers Squibb Co., 372 F.3d 199, 901 (7th Cir. 2004).  However, where the
8    facts pled in the complaint disclose the existence of an affirmative defense, a motion to
9    dismiss is appropriate.  Weisbuch v. County of Los Angeles, 119 F.3d 778, 783, f.n. 1
10   (9th Cir. 1997).   Thus, for example, where the complaint's factual allegations
11   demonstrate that the claim is barred by the applicable statute of limitations, such a
12   defense may be raised in a motion to dismiss.  Jablon v. Dean Witter & Co., 614 F.2d
13   677, 682 (9th Cir. 1980).

14        Here, the first cause of action charges the Navy with failing to promote Sterrett
15   to the GS-13 level.  This claim is based on the allegation that when Sterrett updated
16   her position description in May 2002, she should have been promoted to a supervisory
17   position at the GS-13 level.  (FAC , ¶ 4.)  She further alleges that from May 2002 to
18   June 2008, other "similarly situated" male employees "were designated supervisory
19   positions."  (Id., ¶ 5.)  As a result, "[t]hroughout the 2002-2008 Period [Sterrett]
20   repeatedly advised [the Navy] that her position description was not correct, that the
21   position description should be corrected to reflect her supervisory duties and
22   responsibilities, and that her position should be upgraded to a GS-13 Supervisory
23   position."  (Id., ¶ 6.)  The Navy, however, failed to do so.  (Id., ¶¶ 5–6.)

24        As stated above, the failure to promote based on discrimination constitutes a
25   "discrete act" and the limitations period runs when the act occurs.  Morgan, 536 U.S.
26   at 114.  Because the factual allegations in the FAC demonstrate when the failure to
27   promote occurred (from May 2002 to June 2008) and when Sterrett contacted an EEO
28

Counselor (September 18, 2008), the FAC's allegations disclosed that the claim was untimely and, therefore, Navy appropriately raised the issue in the motion.

Sterrett also contends that the FAC sufficiently pleads timely exhaustion. (*See Opp.* [Doc. 11], 5:1.)  This contention is based on the FAC's allegation that "[a]ll conditions precedent have been performed or have occurred." (*Id.*, 5:16–18, citing FAC ¶ 17.)  There are two problems with this argument.  First, the cited language in the FAC is a legal conclusion, and Sterrett fails to identify any supporting facts.  Second, the unsupported legal conclusion is contradicted by the factual allegations that show the claim is untimely.

For the foregoing reasons, the Court will dismiss this claim.  Additionally, Sterrett has now had two opportunities to plead facts demonstrating that the claim is timely or that an exception to the timeliness requirement applies.  Because the opposition contains no such facts, the first cause of action is **DISMISSED WITHOUT LEAVE TO AMEND.**

**B.**    *Tolling Applies to Sterrett's Second Cause of Action.*

The Navy asserts that Sterrett's second cause of action is also barred as untimely and should be dismissed.  The Navy asserts that the triggering event for Sterrett's claim occurred on March 2, 2008, when Sterrett was not designated as a supervisor in the new personnel system. (*MTD* [Doc. 10-1], 6:9–16.)  Thus, according to the Navy, Sterrett should have initiated contact with an EEOC Counselor by April 16, 2008, and her contact on July 30, 2009, is untimely. (*Id.*)  Sterrett opposes on the ground that the limitation period was tolled.

Equitable tolling applies to extend the forty-five day limit for initiating contact with an EEOC Counselor.  29 C.F.R. §§ 1614.105(a)(2), 1614.604(c); see Kraus, 572 F.3d at 1043.  The "agency or [EEOC] shall extend the 45-day time limit . . . when . . . [the complainant] did not know and reasonably should not have known that the discriminatory matter or personnel action occurred . . . ."  Id. § 1614.105(a)(2).

1  "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to

2  obtain vital information bearing on the existence of his claim." Santa Maria v. Pac.

3  Bell, 202 F.3d 1170, 1178 (9th Cir. 2000), overruled in part on other grounds, 272 F.3d

4  1176, 1194 (9th Cir. 2000).  "If a reasonable plaintiff would not have known of the

5  existence of a possible claim within the limitations period, then equitable tolling will

6  serve to extend the statute of limitations for filing suit until the plaintiff can gather

7  what information he needs." Id.  If tolling applies, then failure to comply with the forty-

8  five day requirement is not fatal to a plaintiff seeking a judicial remedy. Kraus, 572 F.3d

9  at 1043.

10       Here, Sterrett alleges that although she did not receive the YC designation in

11  March 2008, she did not discover that a similarly situated male had received the

12  designation until July 30, 2009. (FAC, ¶ 23.)  According to the FAC, upon discovering

13  the similarly situated male, she quickly moved to amend her pending administrative

14  employment complaint to include the gender discrimination claim.  (Id.)  The Navy

15  contends these allegations are not sufficient to trigger tolling.  At this point in the

16  litigation, where all reasonable inferences must be resolved in favor of the plaintiff, the

17  Court disagrees with the Navy.

18       Under the Navy's theory, whenever an employee is unhappy about a personnel

19  decision, the employee should consult an EEO Counselor and commence an

20  administrative proceeding.  But in Morgan, the Supreme Court indicated that the

21  limitations period for discrete acts could run from a later date if the plaintiff did not

22  believe the act was the result of discrimination. See 536 U.S. at 2073, n.7  ("The

23  District Court noted that 'Morgan believed that he was being discriminated against at

24  the time that all of these acts occurred. . . .'  There may be circumstances where it will

25  be difficult to determine when the time period should begin to run.  One issue that may

26  arise in such circumstances is whether the time begins to run when the injury occurs as

27  opposed to when the injury reasonably should have been discovered.")  Because the

28  FAC's factual allegations suggest that Sterrett did not realize the employment decision

1   was the result of gender discrimination until her discovery of the similarly situated male

2   in July 2009, the Court finds tolling is sufficiently pled.

3

4   **IV.   C**ONCLUSION **& O**RDER

5       For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN**

6   **PART** the Navy's motion to dismiss (Doc. 10).

7

8   **IT IS SO ORDERED.**

9

10  DATED:  February 15, 2013

11  _____

12  Hon. Thomas J. Whelan
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11-CV-1899W